UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION - BAY CITY

IN RE:

COMMUNITY MEMORIAL HOSPITAL,　　　　　Case No. 12-20666-dob
　　　　　　　　　　　　　　　　　　　　　　Chapter 11 Proceeding
　　　　Debtor.　　　　　　　　　　　　　　Hon. Daniel S. Opperman
_____/

CMH LIQUIDATING TRUST,

　　　　Plaintiff,

v.　　　　　　　　　　　　　　　　　　　　Adversary Proceeding
　　　　　　　　　　　　　　　　　　　　　　Case No. 14-2020-dob
TED ANDERSON, WILLIAM BORGERDING,
et al,
　　　　Defendants.
_____/

## OPINION GRANTING DENDANT JOHN PARIGI II'S MOTION TO DISMISS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(1) AND (6) OR, IN THE ALTERNATIVE, FOR MORE DEFINITE STATEMENT

The Plaintiff, CMH Liquidating Trust, filed this adversary proceeding on February 27, 2014. Thereafter, Defendant John Parigi II filed his Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(1) and (6) or, in the Alternative, For More Definite Statement. That Motion is now before the Court and the Court, being fully advised in the premises, GRANTS Defendant Parigi's Motion, but allows Plaintiff 42 days to amend its Complaint.

Findings of Fact

Debtor Community Memorial Hospital ("CMH" or "the Hospital") was a Michigan non-profit hospital that opened in 1942. The Hospital operated for decades before encountering substantial financial problems in the early 2000's. As early as 2003, the Hospital's board began receiving negative feedback regarding its financial situation, perceived lack of leadership, and

1

growth strategy. The Hospital sustained annual operating losses from 2008-2011, eventually commencing a Chapter 11 bankruptcy in March 2012. The cause of the Hospital's financial problems is the center of the dispute in this case.

The Order Confirming First Amended Chapter 11 Plan of Liquidation ("OCP") in CMH's bankruptcy vested Plaintiff with all causes of action that CMH or the unsecured creditors' committee held against former directors or officers of the Hospital.

The OCP defines the causes of action at issue—the "D&O Actions," as it describes them— to include "by way of example but not by way of limitation, actions for:

1. Breach of fiduciary duty, including but not limited to breach of the duty of loyalty, breach of the duty of care, beach of the duty of good faith, together with breach of any other duty or duties that apply by operation of State or Federal law;

2. Embezzlement;

3. Fraud;

4. Usurpation of corporate interest or opportunities;

5. Self-dealing;

6. Theft or conversion of corporate property or interests;

7. Unauthorized disclosure of confidential or privileged information; and

8. All other similar claims actionable against former or existing officers, directors or senior managers."

The OCP then lists 60 former and existing alleged officers, directors, and senior managers to whom it applies. Thus, Plaintiff filed this adversary proceeding, naming as Defendants 36 individuals who previously were associated with the Hospital, alleging that each Defendant was an officer or director at various times during the period of financial struggle noted above.

2

14-02020-dob    Doc 170    Filed 09/29/17    Entered 09/29/17 15:18:46    Page 2 of 9

According to Plaintiff, the Defendants breached their fiduciary duties and acted negligently by taking imprudent actions regarding or by failing to take actions sufficient to address the Hospital's financial problems. Plaintiff's Complaint includes substantial detail regarding the acts or omissions it believes led to CMH's financial collapse, and is not short on allegations of wrongdoing against the Defendants collectively. Unfortunately, with few exceptions, Plaintiff does not identify which Defendant took or participated in any particular harmful act or omission. Instead, Plaintiff's Complaint simply lumps together all Defendants and assigns to them, as a group, acts and omissions that spanned a decade.

Defendant argues Plaintiff's Complaint creates a problem because the Defendants face liability as individuals, not as a group. Additionally, no single Defendant held a relevant position at CMH for the entire time covered by Plaintiff's Complaint, which means there is not one Defendant to whom all of the allegations apply. Despite these realities, Plaintiff makes little effort to alert the Defendants or this Court as to which Defendant is responsible for which particular actions or decisions. Plaintiff also does not group Defendants together by board term, length or type of service, or any other quantifiable metric. Furthermore, there is little other information in the Complaint that would allow the Defendants (or the Court) to determine which individual Defendant is charged with which wrongful act or omission, or which individual Defendant is responsible for which harmful result.

Instead, Plaintiff makes no distinction between the various defendants or their different respective roles or periods of relationship with the Hospital. Additionally, Plaintiff's Complaint contains a Count I against Volunteer Directors and a Count II against Non-Volunteer Directors, but does not clarify into which category each Defendant fits. Plaintiff's Complaint also fails to provide notice as to what acts or omissions are relevant to Volunteers as opposed to Non-

3

Volunteers. Plaintiff simply applies all allegations of each Count to all Defendants, regardless of the nature, period, or duration of their service to the Hospital. Some Defendants have moved to dismiss for a number of reasons, including Plaintiff's failure to adequately allege each individual Defendant's conduct and culpability. Mr. Parigi raises additional issues addressed in this Opinion.

## Jurisdiction

This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334, 157(a) and E.D. Mich. LR 83.50. This is a core proceeding under 28 U.S.C. § 157(b)(2)(A) (matters concerning the administration of the estate).

## Standard for Motion to Dismiss

Federal Rule 12(b)(6) provides for dismissal of a complaint for "failure to state a claim upon which relief can be granted." A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) operates to test the sufficiency of the complaint and the court must construe the complaint in the light most favorable to the plaintiff, accepting all well-pleaded factual allegations in the complaint as true. *See Lewis v. ACB Bus. Servs.*, 135 F.3d 389, 405 (6th Cir. 1998). However, the court will not accept conclusions of law or unwarranted inferences which are presented as factual allegations. *Blackburn v. Fisk Univ.*, 443 F.2d 121, 124 (6th Cir. 1974). A complaint must contain either direct or reasonable inferential allegations that support all material elements necessary to sustain a recovery under some viable legal theory. *Lewis*, 135 F.3d at 405 (internal citations omitted).

A complaint must be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570

(2007) (rejecting the traditional 12(b)(6) standard set forth in *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). However, the *Twombly* Court reaffirmed the "notice pleading" standard of Federal Rule of Civil Procedure 8(a)(2). *Twombly*, 550 U.S. at 560-61.

Federal Rule of Civil Procedure 8 requires only that a pleading set forth a short and plain statement of the claim showing entitlement to relief. Fed. R. Civ. P. 8(a)(2). The purpose is to give the defendant fair notice of the claim and the grounds upon which it rests. *Conley*, 355 U.S. at 47. A party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response. Fed. R. Civ. Pro. 12(e) (2017). Federal courts generally disfavor motions for more definite statements. *E.E.O.C. v. FPM Grp., Ltd.*, 657 F. Supp. 2d 957, 966 (E.D. Tenn. 2009).

However, granting such a motion is appropriate when the defendants don't know what acts or omissions the plaintiff contends they were involved in. *See Fisher v. Caruso*, Nos. 03-71804, 06-11110, 2007 U.S. Dist. LEXIS 45366, at *6 (E.D. Mich., June 22, 2007); *see also Martinez v. Foster*, No. 13-59, 2014 U.S. Dist. LEXIS 44376, at *9-10 (E.D. Tex., Feb. 27, 2014) (granting motion for more definite statement where vast bulk of complaint alleged collective action by defendants such that there was little to enable each defendant (or the court) to parse out a reasonable inference of personal liability, and where each and every count explicitly incorporates each and every preceding paragraph of allegations).

Discussion

**1.      Standing Argument**

Defendant Parigi argues that the Order Confirming Plan does not contain adequate factual bases to preserve the causes of action at issue. According to Defendant Parigi, these failures mean the subject causes of action were not preserved by Plaintiff and, therefore, must be

dismissed. The Court does not agree. Defendant Parigi cites *Browning v. Levy*, 283 F.3d 761 (6th Cir. 2002), but that case is not persuasive. According to *Browning*, a "general reservation of rights does not suffice to avoid res judicata." 283 F.3d at 774. The "general" reservation at issue in *Browning* stated:

> "In accordance with Section 1123(b) of the Bankruptcy Code, the Company shall retain and may enforce any claims, rights, and cause of action that the Debtor or its bankruptcy estate may hold against any person or entity…
>
> *Id*. at 774-75.

There the court found that such a "blanket reservation" was of little value because it did not enable the value of the debtor's claims to be considered in disposition of its estate. The court stated, with regard to that reservation, "[S]ignificantly, it neither names SSD nor states the factual basis for the reserved claims." *Id*. at 775.

This sentence from *Browning* noted the lack of the factual basis for the reservation at issue. The reservation at issue in this case is not nearly as generic as the *Browning* reservation. The CMH reservation specifies in detail the claims to which it applies and lists 60 individuals to whom it applies. It is not a "general reservation" like the one in *Browning*; it provided sufficient detail to preserve the claims at issue and those claims now are properly before the Court.

Because the *Browning* reservation language was general and was not as specific as the OCP language in this case, *Browning* is distinguishable. But the OCP language fits squarely within the *Browning* Court's direction, so the Court denies Defendant Parigi's Motion to Dismiss as to this argument.

## 2. 12(b)(6) Argument

Defendant Parigi argues that Plaintiff's Complaint fails to allege facts sufficient support its claims against him, and the Court agrees. With few exceptions, which exceptions do not include Defendant Parigi, Plaintiff does not sufficiently identify which Defendants took or participated in any particular harmful act or omission. In fact, after listing Defendant Parigi in the section naming all Defendants, Plaintiff does not even mention him again anywhere in the Complaint. Plaintiff's Complaint simply groups together all Defendants and assigns to them, as a group, acts and omissions that spanned a decade.

Plaintiff argues that such "group pleading" is appropriate because the Defendants participated in similar conduct. In support Plaintiff relies heavily on three cases: *Solution Trust v. 2100 Grand LLC, et al. (In re AWTR Liquidation, Inc.)*, 548 B.R. 300 (Bankr. C.D. Cal. 2016); *Garrett v. Cassity*, No. 09-01252, 2010 WL 5392767 (E.D. Mo. Dec. 21, 2010); and *In re American Apparel, Inc. S'holder Derivative Litig.*, No. 10-06576, 2012 WL 9506072 (C.D. Cal., July 31, 2012). These cases do not support Plaintiff's argument.

The *AWTR Liquidation* Court noted that "group pleading" might be appropriate where the defendants were "similarly situated" and engaged in "similar conduct." *AWTR Liquidation*, 548 B.R. at 339. In that case, the court was dealing with seven defendants who were directors of a closely-held corporation. Similarly, in *Garrett* the plaintiff's "group pleading" was acceptable only to the extent "Plaintiffs alleged that each Defendant is liable for committing essentially the same actions." *Garrett*, 2010 WL 5392767, at *39. And the case of *American Apparel* involved director defendants who were alleged to have served on the board "for the entire duration of the events in question." *American Apparel*, 2012 WL 9506072, at *40-41.

7

14-02020-dob    Doc 170    Filed 09/29/17    Entered 09/29/17 15:18:46    Page 7 of 9

The differences between those three cases and this one are unavoidable. This case involves 36 Defendants in a corporation that was not closely held. Here, the Defendants were not all similarly situated. The Defendants include a non-supervisory employee, officers, volunteer directors, and paid directors. These positions come with different duties and, in some cases, are subject to different legal standards. Moreover, the allegations in Plaintiff's Complaint cover a period of nearly nine years. It does not appear any Defendant, including these Defendants, held the same role for that entire time. Thus, Defendant Parigi cannot be liable for essentially the same actions as all the other Defendants, done over the same time period, as they held different positions at different times. Plaintiff's group pleading may be appropriate if Plaintiff breaks the Defendants into more identifiable groups of similarly-situated individuals— for example, groups that include individuals who served the same board term or participated as a group in particular discreet acts or omissions. But directing every allegation at every Defendant, regardless of the nature and period of their involvement, is not sufficient.

Thus, even when construing the allegations of the Complaint in the light most favorable to Plaintiff, it does not plead enough facts to state a plausible claim for relief against these Defendants. *See Twombly*, 550 U.S. at 570. Plaintiff's Complaint does not give Defendant Parigi fair notice of the claims against him and the grounds upon which they rest. *See Conley*, 355 U.S. at 47. The Complaint is too vague and ambiguous to allow Defendant Parigi to reasonably respond.

Because Defendant Parigi does not know what acts or omissions for which Plaintiff contends he is responsible, the Court orders Plaintiff to amend its Complaint to include a more definite statement of the bases upon which it asserts Defendant Parigi is liable. *See Fisher*, 2007 U.S. Dist. LEXIS 45366, at *6; *see also Martinez*, 2014 U.S. Dist. LEXIS 44376, at *9-10

8

14-02020-dob    Doc 170    Filed 09/29/17    Entered 09/29/17 15:18:46    Page 8 of 9

(granting motion for more definite statement where vast bulk of complaint alleged collective action by defendants such that there was little to enable each defendant (or the court) to parse out a reasonable inference of personal liability, and where each and every count explicitly incorporates each and every preceding paragraph of allegations).

In light of its ruling regarding Defendants' 12(b)(6) argument, the Court does not address the substance of Defendant Parigi's argument regarding the Business Judgment Rule. The Court does note, however, that Plaintiff's Amended Complaint must satisfy all applicable pleading requirements, including the requirement that Plaintiff plead allegations that overcome any presumptions applicable to officers and directors charged with misconduct in their operation of a corporation.

**Signed on September 29, 2017**

/s/ Daniel S. Opperman
Daniel S. Opperman
United States Bankruptcy Judge