UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION - BAY CITY

IN RE:

COMMUNITY MEMORIAL HOSPITAL,        Case No. 12-20666-dob
       Chapter 11 Proceeding
    Debtor.        Hon. Daniel S. Opperman
_____/

CMH LIQUIDATING TRUST,

    Plaintiff,

v.        Adversary Proceeding
       Case No. 14-2020-dob
TED ANDERSON, WILLIAM BORGERDING,
et al,
    Defendants.
_____/

## OPINION GRANTING CONCURRENCE TO MOTION FOR DISMISSAL OR IN THE ALTERNATIVE MORE DEFINITE STATEMENT OF DEFENDANTS DR. LEIF DAHLEEN AND HOLLY CAMPA

The Plaintiff, CMH Liquidating Trust, filed this adversary proceeding on February 27, 2014. Thereafter, Defendants Dr. Leif Dahleen and Holly Campa filed their Concurrence to the Motions of Co-Defendants for Dismissal Pursuant to Federal Rule of Procedure 12(b)(6) or in the Alternative Motion for More Definite Statement. That Motion is now before the Court and the Court, being fully advised in the premises, GRANTS Dr. Dahleen's Motion for Dismissal, with prejudice, and GRANTS Campa's Motion for Dismissal, but allows Plaintiff 42 days to amend its Complaint as to Defendant Campa.

### Findings of Fact

Debtor Community Memorial Hospital ("CMH" or "the Hospital") was a Michigan non-profit hospital that opened in 1942. The Hospital operated for decades before encountering

1

substantial financial problems in the early 2000's. As early as 2003, the Hospital's board began receiving negative feedback regarding its financial situation, perceived lack of leadership, and growth strategy. The Hospital sustained annual operating losses from 2008-2011, eventually commencing a Chapter 11 bankruptcy in March 2012. The cause of the Hospital's financial problems is the center of the dispute in this case.

The Order Confirming First Amended Chapter 11 Plan of Liquidation ("OCP") in CMH's bankruptcy vested Plaintiff with all causes of action that CMH or the unsecured creditors' committee held against former directors or officers of the Hospital. Thus, Plaintiff filed this adversary proceeding, naming as Defendants 36 individuals who previously were associated with the Hospital, alleging that each Defendant was an officer or director at various times during the period of financial struggle noted above.

According to Plaintiff, the Defendants breached their fiduciary duties and acted negligently by taking imprudent actions regarding or by failing to take actions sufficient to address the Hospital's financial problems. Plaintiff's Complaint includes substantial detail regarding the acts or omissions it believes led to CMH's financial collapse, and is not short on allegations of wrongdoing against the Defendants collectively. Unfortunately, with few exceptions, Plaintiff does not identify which Defendant took or participated in any particular harmful act or omission. Instead, Plaintiff's Complaint simply lumps together all Defendants and assigns to them, as a group, acts and omissions that spanned a decade.

Defendants argue Plaintiff's Complaint creates a problem because the Defendants face liability as individuals, not as a group. Additionally, no single Defendant held a relevant position at CMH for the entire time covered by Plaintiff's Complaint, which means there is not one Defendant to whom all of the allegations apply. Despite these realities, Plaintiff makes little

2

effort to alert the Defendants or this Court as to which Defendant is responsible for which particular actions or decisions.  Plaintiff also does not group Defendants together by board term, length or type of service, or any other quantifiable metric.  Also, there is little other information in the Complaint that would allow the Defendants (or the Court) to determine which individual Defendant is charged with which wrongful act or omission, or which individual Defendant is responsible for which harmful result.

Instead, Plaintiff makes no distinction between the various defendants or their different respective roles or periods of relationship with the Hospital.  Additionally, Plaintiff's Complaint contains a Count I against Volunteer Directors and a Count II against Non-Volunteer Directors, but does not clarify into which category each Defendant fits.  Plaintiff's Complaint also fails to provide notice as to what acts or omissions are relevant to Volunteers as opposed to Non-Volunteers.  Plaintiff simply applies all allegations of each Count to all Defendants, regardless of the nature, period, or duration of their service to the Hospital.  A number of Defendants have moved to dismiss for a number of reasons, including Plaintiff's failure to adequately allege each individual Defendant's conduct and culpability.

The reservation of claims contained in the OCP in Debtor's bankruptcy case also is relevant to Dr. Dahleen's Motion.   According to the OCP, the assets "of the Debtor" that are reserved and vest in the Trust include "the Recovery Actions." The Recovery Actions are defined as "any Cause(s) of Action, Avoidance Action(s), D&O Action(s) and other action(s) of the Debtor." The OCP defines the "D&O Actions" as "by way of example but not by way of limitation, actions for:

> 1. Breach of fiduciary duty, including but not limited to breach of the duty of loyalty, breach of the duty of care, beach of the duty of good faith, together with breach of any other duty or duties that apply by operation of State or Federal law;

3

    2.       Embezzlement;

    3.       Fraud;

    4.       Usurpation of corporate interest or opportunities;

    5.       Self-dealing;

    6.       Theft or conversion of corporate property or interests;

    7.       Unauthorized disclosure of confidential or privileged information; and

    8.       All other similar claims actionable against former or existing officers, directors or senior managers."

The OCP then lists 60 former and existing alleged officers, directors, and senior managers to whom it applies. However, the OCP does not include Dr. Dahleen in the list.

## Jurisdiction

This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334, 157(a) and E.D. Mich. LR 83.50. This is a core proceeding under 28 U.S.C. § 157(b)(2)(A) (matters concerning the administration of the estate).

## Standard for Motion to Dismiss and Motion for More Definite Statement

Federal Rule 12(b)(6) provides for dismissal of a complaint for "failure to state a claim upon which relief can be granted." A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) operates to test the sufficiency of the complaint and the court must construe the complaint in the light most favorable to the plaintiff, accepting all well-pleaded factual allegations in the complaint as true. *See Lewis v. ACB Bus. Servs.*, 135 F.3d 389, 405 (6th Cir. 1998). However, the court will not accept conclusions of law or unwarranted inferences which are presented as factual allegations. *Blackburn v. Fisk Univ.*, 443 F.2d 121, 124 (6th Cir. 1974). A complaint must contain either direct or reasonable inferential allegations that support all

material elements necessary to sustain a recovery under some viable legal theory. *Lewis*, 135 F.3d at 405 (internal citations omitted).

A complaint must be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (rejecting the traditional 12(b)(6) standard set forth in *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). However, the *Twombly* Court reaffirmed the "notice pleading" standard of Federal Rule of Civil Procedure 8(a)(2). *Twombly*, 550 U.S. at 560-61.

Federal Rule of Civil Procedure 8 requires only that a pleading set forth a short and plain statement of the claim showing entitlement to relief. Fed. R. Civ. P. 8(a)(2). The purpose is to give the defendant fair notice of the claim and the grounds upon which it rests. *Conley*, 355 U.S. at 47. A party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response. Fed. R. Civ. Pro. 12(e) (2017). Federal courts generally disfavor motions for more definite statements. *E.E.O.C. v. FPM Grp., Ltd.*, 657 F. Supp. 2d 957, 966 (E.D. Tenn. 2009).

However, granting such a motion is appropriate when the defendants don't know what acts or omissions the plaintiff contends they were involved in. *See Fisher v. Caruso*, Nos. 03-71804, 06-11110, 2007 U.S. Dist. LEXIS 45366, at *6 (E.D. Mich., June 22, 2007); *see also Martinez v. Foster*, No. 13-59, 2014 U.S. Dist. LEXIS 44376, at *9-10 (E.D. Tex., Feb. 27, 2014) (granting motion for more definite statement where vast bulk of complaint alleged collective action by defendants such that there was little to enable each defendant (or the court) to parse out a reasonable inference of personal liability, and where each and every count explicitly incorporates each and every preceding paragraph of allegations).

5

Discussion

**1.     Dr. Dahleen's Motion**

Like other Defendants, Dr. Dahleen argues that the OCP did not adequately reserve the causes of action at issue here because it did not contain a sufficient factual basis for the claims asserted. However, as to Dr. Dahleen the Court need not address this broader argument. Dr. Dahleen was not listed in the OCP as one of the individuals against whom a cause of action may be asserted. Accordingly, he is not a proper party to this matter and, as relates to him, the alleged lack of factual support for the actions asserted in the OCP are irrelevant.

The confirmation of a reorganization plan constitutes a final judgment in a bankruptcy proceeding. *Browning v. Levy*, 283 F.3d 761, 772 (6th Cir. 2002). Thus, a bankruptcy court's order confirming the plan has the impact of a district court judgment, and res judicata bars re-litigation of any issues raised or that could have been raised in the confirmation proceedings. *Id*. Applying the principles of res judicata here requires dismissing Dr. Dahleen. The OCP in Debtor's bankruptcy did not include Dr. Dahleen as a potential Defendant regarding the claims at issue. The issue of his potential involvement or liability should have been raised and confirmed during the confirmation process, but it was not. The OCP constitutes a final judgment determining that Dr. Dahleen was not an individual against whom the relevant causes of action could be asserted, and the Court cannot now disregard that judgment. Therefore, Plaintiff's claims against Dr. Dahleen are dismissed with prejudice.

**2.     Holly Campa's Motion**

Defendant Campa argues that Plaintiff's Complaint fails to allege facts sufficient to support its claims against her, and the Court agrees. With few exceptions, which exceptions do not include Defendant Campa, Plaintiff does not identify which Defendant took or participated in

any particular harmful act or omission. Plaintiff's Complaint simply groups together all of the Defendants and assigns to them, as a group, acts and omissions that spanned a decade. After listing Defendant Campa in the section naming all Defendants, Plaintiff does not mention her again anywhere in the Complaint. Thus, there is virtually no information in the Complaint that would allow Defendant Campa to determine for which wrongful act or omission she is charged or for which harmful result Plaintiff holds her responsible.

Instead, Plaintiff employs "group pleading" by lumping together every Defendant for purposes of every allegation. Plaintiff argues that such "group pleading" is appropriate because the Defendants participated in similar conduct. In support Plaintiff relies heavily on three cases: *Solution Trust v. 2100 Grand LLC, et al.* (*In re AWTR Liquidation, Inc.)*, 548 B.R. 300 (Bankr. C.D. Cal. 2016); *Garrett v. Cassity*, No. 09-01252, 2010 WL 5392767 (E.D. Mo. Dec. 21, 2010); and *In re American Apparel, Inc. S'holder Derivative Litig.*, No. 10-06576, 2012 WL 9506072 (C.D. Cal., July 31, 2012). These cases do not support Plaintiff's argument.

The *AWTR Liquidation* Court noted that "group pleading" might be appropriate where the defendants were "similarly situated" and engaged in "similar conduct." *AWTR Liquidation*, 548 B.R. at 339. In that case, the court was dealing with seven defendants who were directors of a closely-held corporation. Similarly, in *Garrett* the plaintiff's "group pleading" was acceptable only to the extent "Plaintiffs alleged that each Defendant is liable for committing essentially the same actions." *Garrett,* 2010 WL 5392767, at *39. And the case of *American Apparel* involved director defendants who were alleged to have served on the board "for the entire duration of the events in question." *American Apparel*, 2012 WL 9506072, at *40-41.

The differences between those three cases and this one are unavoidable. This case involves 36 Defendants in a corporation that was not closely held. Here, the Defendants were

7

not all similarly situated. For example, Defendant Campa claims she was a non-supervisory employee, situating her differently from directors or executives. Additionally, the Defendants include officers, volunteer directors, and paid directors—positions with different duties that are subject to different legal standards. Moreover, the allegations in Plaintiff's Complaint cover a period of nearly nine years. It does not appear any Defendant, including Defendant Campa, held the same role for that entire time. These Defendants cannot be liable for essentially the same actions done over the same time period considering they held different positions at different times. Finally, the Complaint does not levy a single factual allegation against Defendant Campa individually, but merely directs at her every allegation made against every other Defendant.

Even when construing the allegations of the Complaint in the light most favorable to Plaintiff, it does not plead facts sufficient to state a plausible claim for relief against Defendant Campa. *See Twombly*, 550 U.S. at 570. Plaintiff's Complaint does not give Defendant Campa fair notice of the claims against her and the grounds upon which they rest. *See Conley*, 355 U.S. at 47. The Complaint is too vague and ambiguous to allow Defendant Campa to reasonably respond.

Thus, because Defendant Campa does not know what acts or omissions for which Plaintiff contends she is responsible, the Court orders Plaintiff to amend its Complaint to include a more definite statement of the bases upon which it asserts Defendant Campa is liable. *See Fisher*, 2007 U.S. Dist. LEXIS 45366, at *6; *see also Martinez*, 2014 U.S. Dist. LEXIS 44376, at *9-10 (granting motion for more definite statement where vast bulk of complaint alleged collective action by defendants such that there was little to enable each defendant (or the court)

to parse out a reasonable inference of personal liability, and where each and every count explicitly incorporates each and every preceding paragraph of allegations).[1]

**Signed on September 29, 2017**



/s/ Daniel S. Opperman
Daniel S. Opperman
United States Bankruptcy Judge

---

[1] The Court also encourages Plaintiff to further investigate Defendant Campa's involvement in the Debtor's operations before amending a complaint against her. Defendant Campa claims she was a non-supervisory employee at all times relevant—that she did not serve as a director, officer, executive, or in any other position of authority or influence. She claims she had no input into the decisions or actions about which Plaintiff complains. If this is true (and its truth should not be that difficult to ascertain), the Court sees no avenue for relief against her. Plaintiff should be able to address this issue before continuing to involve Defendant Campa in this matter.