UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION - BAY CITY

IN RE:

COMMUNITY MEMORIAL HOSPITAL,　　　　　Case No. 12-20666-dob
　　　　　　　　　　　　　　　　　　　　Chapter 11 Proceeding
　　　　Debtor.　　　　　　　　　　　　Hon. Daniel S. Opperman
_____/

CMH LIQUIDATING TRUST,

　　　Plaintiff,

v.　　　　　　　　　　　　　　　　　　　Adversary Proceeding
　　　　　　　　　　　　　　　　　　　　Case No. 14-2020-dob
TED ANDERSON, WILLIAM BORGERDING,
et al,
　　　Defendants.
_____/

## OPINION GRANTING MOTION FOR DISMISSAL OR IN THE ALTERNATIVE MORE DEFINITE STATEMENT OF DEFENDANTS WILLIAM BORGERDING, MARVIN COY, JOHN EVERETT, DONALD WATSON, TIMOTHY M. BURANDT, DAVID ORAM, AND HAL YOST

The Plaintiff, CMH Liquidating Trust, filed this adversary proceeding on February 27, 2014. Thereafter, Defendants William Borgerding, Marvin Coy, John Everett, Donald Watson, Timothy M. Burandt, David Oram, and Hal Yost filed their Motion for Dismissal Pursuant to Federal Rule of Procedure 12(b)(1) and (6) or in the Alternative Motion for More Definite Statement. That Motion is now before the Court and the Court, being fully advised in the premises, GRANTS these Defendants' Motion, but allows Plaintiff 42 days to amend its Complaint.

### Findings of Fact

Debtor Community Memorial Hospital ("CMH" or "the Hospital") was a Michigan non-profit Hospital that opened in 1942. The Hospital operated for decades before encountering

1

substantial financial problems in the early 2000's. As early as 2003, the Hospital's board began receiving negative feedback regarding its financial situation, perceived lack of leadership, and growth strategy. The Hospital sustained annual operating losses from 2008-2011, eventually commencing a Chapter 11 bankruptcy in March 2012. The cause of the Hospital's financial problems is the center of the dispute in this case.

The Order Confirming First Amended Chapter 11 Plan of Liquidation ("OCP") in CMH's bankruptcy vested Plaintiff with all causes of action that CMH or the unsecured creditors' committee held against former directors or officers of the Hospital. Thus, Plaintiff filed this adversary proceeding, naming as Defendants 36 individuals who previously were associated with the Hospital, alleging that each Defendant was an officer or director at various times during the period of financial struggle noted above.

According to Plaintiff, the Defendants breached their fiduciary duties and acted negligently by taking imprudent actions regarding or by failing to take actions sufficient to address the Hospital's financial problems. Plaintiff's Complaint includes substantial detail regarding the acts or omissions it believes led to CMH's financial collapse, and is not short on allegations of wrongdoing against the Defendants collectively. Unfortunately, with few exceptions, Plaintiff does not identify which Defendant took or participated in any particular harmful act or omission. Instead, Plaintiff's Complaint simply lumps together all Defendants and assigns to them, as a group, acts and omissions that spanned a decade.

Defendants argue Plaintiff's Complaint creates a problem because the Defendants face liability as individuals, not as a group. Additionally, no single Defendant held a relevant position at CMH for the entire time covered by Plaintiff's Complaint, which means there is not one Defendant to whom all of the allegations apply. Despite these realities, Plaintiff makes little

2

effort to alert the Defendants or this Court as to which Defendant is responsible for which particular actions or decisions. Plaintiff also does not group Defendants together by board term, length or type of service, or any other quantifiable metric. Also, there is little other information in the Complaint that would allow the Defendants (or the Court) to determine which individual Defendant is charged with which wrongful act or omission, or which individual Defendant is responsible for which harmful result.

Instead, Plaintiff makes no distinction between the various defendants or their different respective roles or periods of relationship with the Hospital. Additionally, Plaintiff's Complaint contains a Count I against Volunteer Directors and a Count II against Non-Volunteer Directors, but does not clarify into which category each Defendant fits. Plaintiff's Complaint also fails to provide notice as to what acts or omissions are relevant to Volunteers as opposed to Non-Volunteers. Plaintiff simply applies all allegations of each Count to all Defendants, regardless of the nature, period, or duration of their service to the Hospital. A number of Defendants have moved to dismiss for a number of reasons, including Plaintiff's failure to adequately allege each individual Defendant's conduct and culpability.

The OCP provides that the Debtor's assets "are reserved and preserved and will vest in the Liquidating Trust," and that such assets include "the Recovery Actions." The "Recovery Actions" were defined as "any Causes of Action(s), Avoidance Action(s), D&O Action(s) and other action(s) of the Debtor." Furthermore, the "D&O Action(s)" include "any and all causes of action against the (i) existing and former senior management of the Debtor, (ii) existing and former officers of the Debtor, [and] (iii) existing and former directors or trustees of the Debtor…" The 17th Paragraph of the OCP affirmed these findings, stating "certain assets of the

Debtor, as provided in Article III of the Plan including, without limitation, the Recovery Actions, are reserved and preserved and will vest in the Liquidating Trust."

## Jurisdiction

This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334, 157(a) and E.D. Mich. LR 83.50. This is a core proceeding under 28 U.S.C. § 157(b)(2)(A) (matters concerning the administration of the estate).

## Standard for Motion to Dismiss and Motion for More Definite Statement

Federal Rule 12(b)(6) provides for dismissal of a complaint for "failure to state a claim upon which relief can be granted." A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) operates to test the sufficiency of the complaint and the court must construe the complaint in the light most favorable to the plaintiff, accepting all well-pleaded factual allegations in the complaint as true. *See Lewis v. ACB Bus. Servs.*, 135 F.3d 389, 405 (6th Cir. 1998). However, the court will not accept conclusions of law or unwarranted inferences which are presented as factual allegations. *Blackburn v. Fisk Univ.*, 443 F.2d 121, 124 (6th Cir. 1974). A complaint must contain either direct or reasonable inferential allegations that support all material elements necessary to sustain a recovery under some viable legal theory. *Lewis*, 135 F.3d at 405 (internal citations omitted).

A complaint must be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (rejecting the traditional 12(b)(6) standard set forth in *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). However, the *Twombly* Court reaffirmed the "notice pleading" standard of Federal Rule of Civil Procedure 8(a)(2). *Twombly*, 550 U.S. at 560-61.

4

Federal Rule of Civil Procedure 8 requires only that a pleading set forth a short and plain statement of the claim showing entitlement to relief. Fed. R. Civ. P. 8(a)(2). The purpose is to give the defendant fair notice of the claim and the grounds upon which it rests. *Conley*, 355 U.S. at 47. A party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response. Fed. R. Civ. Pro. 12(e) (2017). Federal courts generally disfavor motions for more definite statements. *E.E.O.C. v. FPM Grp., Ltd*., 657 F. Supp. 2d 957, 966 (E.D. Tenn. 2009).

However, granting such a motion is appropriate when the defendants don't know what acts or omissions the plaintiff contends they were involved in. *See Fisher v. Caruso*, Nos. 03-71804, 06-11110, 2007 U.S. Dist. LEXIS 45366, at *6 (E.D. Mich., June 22, 2007); *see also Martinez v. Foster*, No. 13-59, 2014 U.S. Dist. LEXIS 44376, at *9-10 (E.D. Tex., Feb. 27, 2014) (granting motion for more definite statement where vast bulk of complaint alleged collective action by defendants such that there was little to enable each defendant (or the court) to parse out a reasonable inference of personal liability, and where each and every count explicitly incorporates each and every preceding paragraph of allegations).

<u>Discussion</u>

**1. The Trust Has Standing to Pursue the Subject Causes of Action**

These Defendants argue that the Plaintiff does not have standing to bring the subject claims. They claim that while the confirmed Plan in this case called for the subject actions to transfer from the Creditor's Committee to the Plaintiff, the OCP contradicted the Plan's language in a way that precluded that transfer. The Defendants point to language in the OCP that provides that "certain assets," not all assets of the Debtor vested in the Trust, and that the instant causes of action did not transfer. This argument is not persuasive.

As the Defendants' own Motion notes, the "certain assets" described in the OCP included "without limitation, the Recovery Actions," and those actions were "reserved and preserved and will vest in the Liquidating Trust." The causes of action at issue here were properly preserved and transferred to Plaintiff, and Plaintiff has standing to pursue them.

**2.      The Complaint Fails to Allege Facts Sufficient to Support its Claims**

These Defendants argue that Plaintiff's Complaint fails to allege facts sufficient to support its claims against them, and the Court agrees. With few exceptions, which exceptions do not include these Defendants, Plaintiff does not identify which Defendant took or participated in any particular harmful act or omission. Plaintiff's Complaint simply groups together all of the Defendants and assigns to them, as a group, acts and omissions that spanned a decade. Thus, there is virtually no information in the Complaint that would allow these Defendants to determine for which wrongful act or omission they are charged or for which harmful result Plaintiff holds them responsible.

Instead, Plaintiff employs "group pleading" by lumping together every Defendant for purposes of every allegation. Plaintiff argues that such "group pleading" is appropriate because the Defendants participated in similar conduct. In support Plaintiff relies heavily on three cases: *Solution Trust v. 2100 Grand LLC, et al.* (*In re AWTR Liquidation, Inc.*), 548 B.R. 300 (Bankr. C.D. Cal. 2016); *Garrett v. Cassity*, No. 09-01252, 2010 WL 5392767 (E.D. Mo. Dec. 21, 2010); and *In re American Apparel, Inc. S'holder Derivative Litig.*, No. 10-06576, 2012 WL 9506072 (C.D. Cal., July 31, 2012). These cases do not support Plaintiff's argument.

The *AWTR Liquidation* Court noted that "group pleading" might be appropriate where the defendants were "similarly situated" and engaged in "similar conduct." *AWTR Liquidation*, 548 B.R. at 339. In that case, the court was dealing with seven defendants who were directors of a

closely-held corporation. Similarly, in *Garrett* the plaintiff's "group pleading" was acceptable only to the extent "Plaintiffs alleged that each Defendant is liable for committing essentially the same actions." *Garrett*, 2010 WL 5392767, at *39. And the case of *American Apparel* involved director defendants who were alleged to have served on the board "for the entire duration of the events in question." *American Apparel,* 2012 WL 9506072, at *40-41.

The differences between those three cases and this one are unavoidable. This case involves 36 Defendants in a corporation that was not closely held. Here, the Defendants were not all similarly situated. The Defendants include officers, volunteer directors, and paid directors—positions with different duties that are subject to different legal standards. Moreover, the allegations in Plaintiff's Complaint cover a period of nearly nine years. It does not appear any Defendant, including these Defendants, held the same role for that entire time. These Defendants cannot be liable for essentially the same actions done over the same time period considering they held different positions at different times. Finally, the Complaint contains virtually no direct allegations against any of these Defendants individually, but merely directs at them every allegation made against every other Defendant.

Even when construing the allegations of the Complaint in the light most favorable to Plaintiff, it does not plead facts sufficient to state a plausible claim for relief against these Defendants. *See Twombly*, 550 U.S. at 570. Plaintiff's Complaint does not give them fair notice of the claims against them and the grounds upon which they rest. *See Conley,* 355 U.S. at 47. The Complaint is too vague and ambiguous to allow these Defendants to reasonably respond.

Thus, because these Defendants do not know what acts or omissions for which Plaintiff contends they are responsible, the Court orders Plaintiff to amend its Complaint to include a more definite statement of the bases upon which it asserts these Defendants are liable. *See*

*Fisher*, 2007 U.S. Dist. LEXIS 45366, at *6; *see also Martinez*, 2014 U.S. Dist. LEXIS 44376, at *9-10 (granting motion for more definite statement where vast bulk of complaint alleged collective action by defendants such that there was little to enable each defendant (or the court) to parse out a reasonable inference of personal liability, and where each and every count explicitly incorporates each and every preceding paragraph of allegations).

**3.      The Court Does Not Address Defendants' Remaining Arguments**

The Court has determined that Plaintiff's Complaint does not satisfy the threshold pleading requirement of alleging facts sufficient to state a claim upon which relief can be granted against each Defendant, and is ordering Plaintiff to amend its Complaint. Accordingly, the Court need not address the substance of Defendants' remaining arguments regarding Plaintiff's Complaint. However, the Court recognizes there may be applicable law or pleading requirements, in addition to the fundamental obligation stated above, which Plaintiff must address to maintain an action before this Court. Plaintiff's amended complaint should contain allegations sufficient to satisfy any such law or requirements.

**Signed on September 29, 2017**

/s/ Daniel S. Opperman
Daniel S. Opperman
United States Bankruptcy Judge