UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION - BAY CITY

IN RE:

COMMUNITY MEMORIAL HOSPITAL,            Case No. 12-20666-dob
                                                          Chapter 11 Proceeding
         Debtor.                                     Hon. Daniel S. Opperman
_____/

CMH LIQUIDATING TRUST,

      Plaintiff,

v.                                                                           Adversary Proceeding
                                                                          Case No. 14-2020-dob

TED ANDERSON, WILLIAM BORGERDING,
et al,
      Defendants.
_____/

## OPINION GRANTING MOTION TO DISMISS AND COMPEL ARBITRATION OF DEFENDANT BARBARA CLIFF

The Plaintiff, CMH Liquidating Trust, filed this adversary proceeding on February 27, 2014, against many Defendants. One Defendant, Barbara Cliff, was the Chief Executive Officer ("CEO") of the Debtor from 2005-2009. In response to the Complaint, she filed her Motion to Dismiss and Compel Arbitration. Because Cliff's relationship with the Debtor is governed by an employment contract that contains an arbitration clause, the Court GRANTS Cliff's Motion to Dismiss and Compel Arbitration.

### Findings of Fact

Debtor Community Memorial Hospital ("CMH" or "the Hospital") was a Michigan non-profit hospital that opened in 1942. The Hospital operated for decades before encountering substantial financial problems in the early 2000's. As early as 2003, the Hospital's board began receiving negative feedback regarding its financial situation, perceived lack of leadership, and

1

growth strategy. The Hospital sustained annual operating losses from 2008-2011, eventually commencing a Chapter 11 bankruptcy in March 2012. The cause of the Hospital's financial problems is the center of the dispute in this case.

The Order Confirming First Amended Chapter 11 Plan of Liquidation ("OCP") in CMH's bankruptcy vested Plaintiff with all causes of action that CMH or the unsecured creditors' committee held against former directors or officers of the Hospital. Thus, Plaintiff filed this adversary proceeding, naming as Defendants 36 individuals who previously were associated with the Hospital, alleging that each Defendant was an officer or director at various times during the period of financial struggle noted above.

Cliff's situation is unique among the Defendants. She served as the Hospital's CEO between 2005 and 2009, working per a contract that required any dispute under her employment agreement be submitted to binding arbitration. Specifically, the employment agreement states:

i) <u>Arbitration; Waiver of Jury Trial.</u>

    (1) In the event of dispute under this Agreement, the parties agree pursuant to MCL 600.5001, *et seq.*, to binding arbitration in accordance with the Employment Disputes Rules of the American Arbitration Association ("AAA") in effect at the time a demand for arbitration of the dispute is made and the parties further agree that the prevailing party shall be awarded its reasonable attorney fees, with the place of arbitration being Cheboygan, Michigan. The decision and award of the arbitrator made under the AAA rules shall be exclusive, final and binding on all parties, their heirs, representatives, affiliates, successors and assigns. It is further agreed that any arbitration award may be certified to the Cheboygan County Circuit Court which shall render a judgment upon the award made pursuant to said arbitration. In the event CEO or CMH shall require equitable relief prior to the selection of an arbitrator to resolve the dispute, either party may seek temporary equitable relief from any court having jurisdiction of the dispute, subject to any final relief awarded by the arbitrator.

(2) Limited civil discovery shall be permitted for the production of documents and the taking of depositions, provided, however, that no party is permitted to take the deposition of more than three witnesses except by agreement of the other party or upon order of the arbitrator pursuant to the motion of a party. Subject to the foregoing limitations, discovery shall be conducted in accordance with the Michigan Court Rules with any enforcement issues resolved by the arbitrator.

(3) The arbitration and all proceedings, discovery and any award of the arbitrator, are confidential. Neither the parties nor the arbitrator shall disclose any information gained during the course of the arbitration to any person or entity who is not a party to the arbitration unless permitted by law. Attendance at the arbitration shall be limited to the parties and those called as witnesses.

(4) CEO and CMH acknowledge that each has had the opportunity to consult with counsel of choice before signing this Agreement, and CMH and CEO each hereby knowingly and voluntarily, without coercion, WAIVES ALL RIGHTS TO TRIAL BY JURY of all disputes between them and instead agrees to binding arbitration.

Plaintiff alleges the employment agreement was no longer effective when this case was filed and claims the issues raised in the Complaint do not constitute a dispute under the agreement. Cliff disagrees and asks this Court to enforce the arbitration clause and dismiss Plaintiff's claims against her.

## Jurisdiction

This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334, 157(a) and E.D. Mich. LR 83.50. This is a core proceeding under 28 U.S.C. § 157(b)(2)(A) (matters concerning the administration of the estate).

## Standard for Motion to Dismiss

Federal Rule 12(b)(1) provides for dismissal of a complaint for "lack of subject matter jurisdiction." A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) operates to test the sufficiency of the complaint and the court must construe the complaint in the light most favorable to the plaintiff, accepting all well-pleaded factual allegations in the complaint as

3

true. *See Lewis v. ACB Bus. Servs.*, 135 F.3d 389, 405 (6th Cir. 1998). However, the court will not accept conclusions of law or unwarranted inferences which are presented as factual allegations. *Blackburn v. Fisk Univ.*, 443 F.2d 121, 124 (6th Cir. 1974). A complaint must contain either direct or reasonable inferential allegations that support all material elements necessary to sustain a recovery under some viable legal theory. *Lewis*, 135 F.3d at 405 (internal citations omitted).

To determine if an arbitration agreement exists, the courts must find that the parties agreed to arbitrate a dispute and that the grievance between the parties is arbitrable. *AT & T Techs., Inc. v. Commc'ns Workers of Am.,* 475 U.S. 643 (1986). Courts must look at the contractual language to determine if the parties intended to arbitrate their differences, but any doubt should be in favor of arbitration. *John Wiley & Sons, Inc. v. Livingston Steel Workers,* 376 U.S. 543 (1964); *Warrior & Gulf Navigation Co.*, 363 U.S. 574 (1960).

When a party to an arbitration agreement fails or refuses to comply with the provisions of an enforceable arbitration agreement, a federal court must compel arbitration. 9 U.S. Code § 4. Accordingly, the Court lacks jurisdiction to hear a dispute that is within the confines of an arbitration agreement.

<u>Discussion</u>

The Court holds that the employment agreement and the arbitration clause apply to this case. The arbitration clause did not terminate when Cliff's employment terminated. A finding otherwise would defeat the purpose of including such a clause in a contract. *See Zucker v. After Six, Inc.*, 174 Fed.Appx. 944, 947-48 (6th Cir. 2006) (stating that if "the duty to arbitrate automatically terminated upon expiration of the contract, a party could avoid his contractual duty to arbitrate by simply waiting until the day after the contract expired to bring an action regarding

a dispute that arose while the contract was in effect."). Instead, absent clear and express intent by the parties to limit arbitration, a court must enforce the parties' arbitration agreement. *Id*. at 3. The Court sees no clear and express intent to limit arbitration here, and must enforce the agreement before it.

The primary case upon which Plaintiff relies, *Huffman v. The Hilltop Companies, LLC*, 747 F.3d 391 (6th Cir. 2014), is factually distinct. In that case, the employment agreement at issue contained a survival clause that explicitly stated which portions of the agreement survived its termination. *Id*. at 394. The survival clause in the *Huffman* agreement did not include the arbitration provision, lending support to the argument that the arbitration provision did not survive the agreement. *Id*. In this case, Cliff's employment agreement contained no similar survival clause limiting the provisions that remain in effect post-termination. In light of *Huffman*, this Court reads the omission of a specific survival clause as indicative of the contracting parties' intention that all provisions of the employment agreement persist beyond the agreement terminating.

Moreover, *Huffman* actually supports enforcement of the clause at issue. In *Huffman*, the Sixth Circuit reiterated the "strong federal policy in favor of arbitration." *Id*. at 393-94. The Sixth Circuit also noted the presumption in favor of "post-expiration arbitration of matters unless negated expressly or by clear implication…" *Id*. at 394. Neither Cliff's employment agreement nor any of the information before the Court indicates that the matters at issue here were "negated expressly or by clear implication." Accordingly, the arbitration clause in Cliff's employment agreement remains in effect and applies here.[1]

---

[1] The Court's holding that post-expiration arbitration is appropriate according to applicable law makes moot Plaintiff's argument that the agreement expired of its own terms in 2010.

5

The Court also holds that to the extent the allegations of Plaintiff's Complaint could be construed to charge Cliff with wrongful conduct, those allegations arise out of actions she took in her capacity as a Hospital employee. Thus, those allegations raise disputes about her employment and, therefore, constitute disputes "under" her employment agreement. As a result, Plaintiff is required to submit its claims against Cliff to arbitration. The Court dismisses Plaintiff's Complaint as to Cliff and Orders the parties to binding arbitration per Cliff's employment agreement.

Counsel for Defendant is directed to prepare and submit an order consistent with this Opinion and the entry of orders procedures of this Court.

**Signed on September 29, 2017**

/s/ Daniel S. Opperman

**Daniel S. Opperman
United States Bankruptcy Judge**